Citation Nr: 1602930 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 05-25 320A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for diabetes mellitus, type II, to include as due to herbicide exposure.


REPRESENTATION

Veteran represented by: Kenneth M. Carpenter, Attorney


ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1967 to December 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2002 rating decision by the Department of Veterans Affairs (VA) Regional Office in Columbia, South Carolina. This matter was previously remanded in March 2011.

The issue of entitlement to service connection for neuropathy of the feet and back has been raised by the record in a March 2005 statement by the Veteran, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).


FINDINGS OF FACT

1. The probative, competent evidence is at least in relative equipoise as to whether the Veteran was exposed to herbicides during active duty.

2. Diabetes mellitus, type II, is presumptively related to herbicide exposure during active duty.


CONCLUSION OF LAW

The criteria for service connection for diabetes mellitus, type II, have been met. 38 U.S.C.A. §§ 1101, 1110, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

In this decision, the Board grants entitlement to service connection for diabetes mellitus, type II. Therefore, no discussion of VA's duty to notify or assist is necessary with respect to this claim.

Service connection may be established for disability resulting from diseases or injuries which are clearly present in service or for a disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. §§ 1101, 1110; 38 C.F.R. § 3.303. Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. §3.303(b). The Federal Circuit recently held that continuity of symptomatology under 38 C.F.R. §3.303(b) applies only to chronic diseases listed in 38 C.F.R. §3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (2013). 

Additionally, any veteran who, during active military, naval, or air service, served in the Korean DMZ for any period of time beginning on April 1, 1968 and ending on August 31, 1971, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C.A. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). If a veteran was exposed to an herbicide agent during active military, naval, or air service, the following diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307(a)(6)(iii) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied: AL amyloidosis, chloracne or other acneform diseases consistent with chloracne, diabetes mellitus (Type II), Hodgkin's disease, ischemic heart disease (including, but not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal's angina), hairy cell leukemia and other chronic B-cell leukemias, multiple myeloma, non-Hodgkin's lymphoma, Parkinson's disease, early-onset peripheral neuropathy, porphyria cutanea tarda, prostate cancer, respiratory cancers (cancer of the lung, bronchus, larynx, or trachea), and soft-tissue sarcomas (other than osteosarcoma, chondrosarcoma, Kaposi's sarcoma, or mesothelioma). 38 U.S.C.A. § 1116; 38 C.F.R. §§ 3.307(a)(6)(iii), 3.309(e). These diseases shall have become manifest to a degree of 10 percent or more at any time after service, except that chloracne or other acneform disease consistent with chloracne, porphyria cutanea tarda, and acute and subacute peripheral neuropathy shall have become manifest to a degree of 10 percent or more within a year after the last date on which the Veteran was exposed to a herbicide agent during active military, naval, or air service. 38 C.F.R. § 3.307(a)(6)(ii).

The Veteran asserts that he has diabetes mellitus, type II, as a result of exposure to herbicides during active duty service in Korea. He reports that while he was not stationed in the DMZ, he traveled there several times in 1968, including once to deliver supplies.

The Veteran served in Korea as a Supply Specialist from May 1968 to May 1969 and was stationed at the Ascom Depot. The record reflects that the Ascom Depot was located approximately 30 miles from the DMZ. Development was conducted through the National Personnel Records Center (NPRC) and the Joint Services Records Research Center (JSRRC) in order to attempt to confirm whether the Veteran or members of his unit were exposed to herbicides. The NPRC responded that no records existed indicating that the Veteran had been exposed to herbicides. The JSRRC indicated that records of the Veteran's unit for 1968 and 1969 could not be located and, due to the lack of documentation, it was impossible to verify if the Veteran or members of his unit were exposed to herbicides along the DMZ or if the Veteran handled supplies containing herbicides. However, the Veteran has consistently and credibly reported that, while stationed in Korea, he traveled to the DMZ several times. Given the Veteran's consistent and credible statements regarding trips to the DMZ, along with the proximity of Ascom Depot to the DMZ and the lack of contradictory evidence, the Board finds that the evidence is at least in relative equipoise as to whether the Veteran was exposed to herbicides in the Korean DMZ during the relevant time period, and extends consideration of herbicide exposure on a presumptive basis to the Veteran.
As the record reflects a diagnosis of diabetes mellitus, type II, during the pendency of the appeal, the Board finds service connection for diabetes mellitus, type II, is warranted on a presumptive basis. 38 C.F.R. §§ 3.307, 3.309. 


ORDER

Entitlement to service connection for diabetes mellitus, type II, is granted.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs