Citation Nr: 1730408 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 10-13 951A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for a bilateral hand disability, to include carpal tunnel syndrome and arthritis. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Jarrette A. Marley, Counsel

INTRODUCTION

The Veteran served on active duty in the United States Air Force from February 1969 to August 1991. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Houston, Texas Department of Veterans Affairs (VA) Regional Office (RO). The Veteran testified before the undersigned Veterans Law Judge in a July 2013 video conference hearing. At the hearing, the Veteran testified that he was seeking service connection for a right and left hand disability, to include arthritis and carpal tunnel syndrome. As service connection for either of the disabilities would satisfy the Veteran's claim, the matter has been characterized accordingly. 

This matter was previously before the Board in January 2014 and May 2016 when it was remanded for additional development. 


FINDING OF FACT

The preponderance of the evidence shows that the Veteran's bilateral hand disability, including arthritis and carpal tunnel syndrome, is not related to and did not have its onset in service, and was not caused by or aggravated by his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. 


CONCLUSION OF LAW

Service connection for a bilateral hand disability, including as secondary to service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb, is not warranted. 38 U.S.C.A. §§ 1110, 1112, 1113, 1116, 1131, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2016). 
REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.304. Service connection may be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999). 

Service connection may be established for disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a). Further, a disability which is aggravated by a service-connected disability may be service-connected to the degree that the aggravation is shown. 38 C.F.R. § 3.310; El-Amin v. Shinseki, 26 Vet. App. 136 (2013); Allen v. Brown, 7 Vet. App. 439 (1995). 

Certain chronic diseases (including arthritis), may be service connected on a presumptive basis if manifested to a compensable degree within a specified period of time following discharge from service. 38 U.S.C.A. §§ 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. 

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and recurrence of symptoms. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

The Veteran contends that he is entitled to service connection for a right and left hand disability, to include carpal tunnel syndrome and arthritis, as related to his service, and/or as secondary to his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

The record shows that the Veteran has been diagnosed with bilateral hand arthritis (in 2009) and bilateral carpal tunnel syndrome (in 2012). The question for the Board in this matter is whether the Veteran's bilateral hand arthritis either began during active service, is etiologically related to an in-service disease or injury, to, or is caused or aggravated by his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. 

The Veteran's service treatment records show that he was treated for and diagnosed with a tear of the ulnar collateral ligament of the left thumb proximal joint following a skiing injury. See January 1982 report. His service treatment records are otherwise silent for complaint, treatment, or diagnosis relating to the right or left hand, and the Veteran does not contend otherwise. See July 2013 video conference hearing (denying receiving treatment for his hands during service). 

Following his retirement from service, treatment records first show a diagnosis of bilateral hand arthritis in 2009 and bilateral carpal tunnel syndrome in 2012, approximately 17 and 20 years after service, respectively. See March 2009 VA treatment record x-rays of the hands (diagnosing mild degenerative joint disease); see also October 2012 VA treatment record EMG/NCS result summary (diagnosing bilateral carpal tunnel syndrome). Thereafter, the records reflect ongoing diagnoses of bilateral hand arthritis and bilateral carpal tunnel syndrome. 

To the extent the Veteran contends that his bilateral hand arthritis or bilateral carpal tunnel syndrome should be service connected based on a recurrence of symptoms since service or otherwise directly related to service, the Board notes that there were no complaints or treatment pertaining to the right or left hand except for the above-noted injury to the left thumb. The Board acknowledges the Veteran's statements and testimony that his military occupational specialty as a supply system analysis supervisor (for 21 years) involved working with a card sorter and keypunch, and that in order for the card reader and puncher to work, one had to continually grip the punch cards tightly, and that he suffered wear and tear on his hands and fingers from the keypunching and typing, and has experienced hand cramping and numbness since service. See May 2009 Veteran statement; see also March 2010 correspondence. The Board also acknowledges the Veteran has stated that he took over-the-counter medication for his hands during service. See July 2013 video conference hearing. However, the Board finds his account of recurrent symptoms to be not credible as he has also stated that he has not experienced problems with his hands until recently, and his service treatment records were silent for any complaints, findings, or treatment relating to his hands except for the left thumb injury noted above. See August 2009 notice of disagreement (stating that his hands have not really bothered him until lately). 

Inasmuch as there is no evidence of arthritis of either hand being manifested until approximately 17 years after the Veteran's retirement from service, there is no basis to award service connection on a presumptive basis. 38 U.S.C.A. §§ 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. 

In addition, there is no medical evidence in support of the Veteran's claim that his bilateral hand arthritis and/or bilateral carpal tunnel syndrome is related to his service, to include due to his duties during service and the wear and tear he experienced performing his duties. See November 2016 VA Opinion (opining that the Veteran's bilateral hand arthritis was part of the aging process due to normal wear and tear, and less likely as not a result of serving in the military, noting the Veteran's service treatment records were silent for arthritic pain involving the hands, and he was not diagnosed with degenerative changes of the hands until 17 years after service). This opinion is supported other VA opinions of record. See August 2012 VA hand and finger conditions examination (opining the Veteran's bilateral hand arthritis was secondary to age and not caused by or the result of job supply systems analyst and inventory management specialist duties during service); May 2014 VA hand and finger conditions examination (opining the Veteran's arthritis was compatible with the Veteran's age and senescence (i.e., the state of being old)). Similarly, regarding the Veteran's bilateral carpal tunnel syndrome, there is no medical evidence in support of the Veteran's claim that it is related to his service, to include due to his duties during service and the wear and tear he experienced performing his duties. See November 2016 VA Opinion (opining the Veteran's carpal tunnel syndrome was less likely as not a result of his service for over 22 years, noting his service treatment records and post-service treatment records are silent for a complaint or diagnosis of numbness and tingling in the hands, and signs and symptoms associated with carpal tunnel syndrome, until approximately 21 years after retiring from service). This opinion is supported by other VA opinions of record. See April 2014 VA peripheral nerves examination (noting carpal tunnel syndrome was not in the lexicon until 2012 and it has no connection to active duty as the complaints and symptoms are too removed from service); see also May 2014 VA hand and finger conditions examination (noting that while workplace factors are considered a risk factor for carpal tunnel syndrome, there is controversy regarding the role of workplace factors in the development of carpal tunnel syndrome, that there was no definitive evidence any of the risk factors play a role in the development of carpal tunnel syndrome, and the association between computer use and/or clerical duties and the risk of developing carpal tunnel syndrome is not supported by most studies, including recent studies). The Board finds these opinions, cumulatively, to be persuasive as they are provided by medical experts competent to provide such opinions, are based on a review of the Veteran's claims file, with consideration of medical literature. Moreover, there are no competent medical opinions to the contrary. To the extent the Veteran contends that his arthritis and carpal tunnel syndrome are related to service and his duties therein, the Veteran is not competent to opine as to the etiology of such disabilities. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Therefore, the Board finds that the preponderance of the is against a finding the Veteran's bilateral hand arthritis and/or bilateral carpal tunnel is related to service, to include due to his duties during service and the wear and tear he experienced performing his duties. 

The Veteran's final theory of entitlement is that his bilateral hand arthritis and/or bilateral carpal tunnel syndrome is/are secondary to his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. Service treatment records show that the Veteran was diagnosed with a tear of the ulnar collateral ligament of the left thumb proximal joint. See January 1982 report. In a November 2016 VA opinion, it was noted that the injury to the Veteran's left thumb was an isolated injury involving the ulnar collateral ligament, and was not a disease or associated with a disease that would result in wide-spread arthritic changes of both hands. In addition, it was noted that the injury involved the first metacarpophalangeal joint of the left hand and would not lead to the development of bilateral carpal tunnel syndrome. The examiner opined that it was less likely as not the Veteran's bilateral hand arthritis and carpal tunnel syndrome was caused or aggravated by his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. The Board finds the November 2016 opinion to be persuasive as it was provided by a medical expert competent to provide such opinion, was based on a review of the Veteran's claims file, with consideration of medical literature. Moreover, there are no competent medical opinions to the contrary. To the extent the Veteran contends that his arthritis and carpal tunnel syndrome are related to his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb, he is competent to provide such etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Therefore, the Board finds that the preponderance of the evidence is against a finding the Veteran's bilateral hand arthritis and/or bilateral carpal tunnel is related to his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. 

The weight of the competent evidence demonstrates that the Veteran's bilateral hand arthritis and/or bilateral carpal tunnel syndrome are not related to his active service, to include due to his duties during service and the wear and tear he experienced performing his duties, and are not secondary to his service-connected residuals of a tear of the collateral ligament of the left thumb and associated degenerative disease of the left thumb. The Board thus finds that the preponderance of the evidence is against his claim for service connection. 

In reaching this decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal, and his claim must be denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

Service connection for a bilateral hand disability is denied. 




____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs