﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 180709-222
DATE: March 18, 2019

ORDER

Service connection for hypertension is granted.

Service connection for obstructive sleep apnea is granted.

FINDINGS OF FACT

1. The Veteran is service connected for schizoaffective disorder (previously diagnosed as posttraumatic stress disorder (PTSD), adjustment disorder with mixed anxiety and depressed mood, and persistent depressive disorder) (hereinafter service-connected psychiatric disability).

2. The evidence as to whether the Veteran’s hypertension and obstructive sleep apnea are secondary to service-connected psychiatric disability is at least in equipoise.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for an award of service connection for hypertension as secondary to service-connected psychiatric disability have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

2. Resolving reasonable doubt in the Veteran’s favor, the criteria for an award of service connection for sleep apnea as secondary to service-connected psychiatric disability have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the U.S. Army from August 1992 to February 1995. His decorations include the Southwest Asia Service Medal with one Bronze Service Star.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act. This law creates a new framework for Veterans to seek review of VA decisions with which they are dissatisfied. The Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP).

The Veteran opted into RAMP in April 2018 and elected the Supplemental Claim lane. Following a denial of his claim on Supplemental review in June 2018, the Veteran elected to appeal to the Board of Veterans’ Appeals (Board) under RAMP’s Evidence Submission option in July 2018.

1. Service connection for hypertension.

2. Service connection for obstructive sleep apnea.

The Veteran seeks to establish service connection for hypertension and sleep apnea. He maintains that both conditions have been caused or aggravated by his service-connected psychiatric disability.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

Under applicable law, disability which is proximately due to or the result of a service-connected disease or injury shall also be service connected. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show: (1) that a current disability exists; and (2) that the current disability was either (a) caused or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439 (1995).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. See also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In the present case, there is no dispute that the Veteran has been diagnosed with hypertension and sleep apnea. In addition, he is presently service connected for schizoaffective disorder (previously diagnosed as PTSD, adjustment disorder with mixed anxiety and depressed mood, and persistent depressive disorder). The outcome of this case turns on whether his hypertension and/or sleep apnea has been caused or aggravated by his service-connected psychiatric disability.

The Board finds that the evidence supports the Veteran’s claim. In October 2016, a private psychologist opined that it was at least as likely as not that the Veteran’s hypertension and sleep apnea were secondary to his service-connected psychiatric disability (identified at that time by the psychologist as PTSD). The examiner reviewed the record, including prior unfavorable VA medical opinions on the matter; cited to studies in medical literature that supported the connection; and pointed to examples in prior Board decisions where such a connection had been acknowledged. Because the opinion contains data, conclusions, and a rationale connecting the two, it is entitled to significant probative weight. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008). 

The Board acknowledges that the record contains VA medical opinions, dated in January 2016, which are unfavorable to the claims. However, the Board finds those opinions no more probative that the opinion from the private psychiatrist.

The evidence as to whether the Veteran’s hypertension and obstructive sleep apnea are secondary to service-connected psychiatric disability is at least in equipoise. As such, the appeal is granted.

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Kettler, Associate Counsel