﻿Citation Nr: AXXXXXXXX
Decision Date: 05/24/19 Archive Date: 05/28/19

DOCKET NO. 190129-2620
DATE: May 24, 2019

ORDER

Entitlement to service connection for lung cancer is granted.

Entitlement to service connection for liver cancer, secondary to now service connected lung cancer on a causation basis, is granted.

FINDINGS OF FACT

1. The evidence is evenly balanced as to whether the Veteran’s current diagnosis of lung cancer is the primary source of his cancer. 

2. The evidence is evenly balanced as to whether the Veteran’s liver cancer was caused by his service-connected lung cancer. 

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for service connection for lung cancer due to exposure to herbicide agents to include Agent Orange are met. 38 U.S.C. §§ 1101, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. Resolving reasonable doubt in the Veteran’s favor, the criteria to establish service connection for liver cancer, as secondary to service-connected lung cancer on a causation basis, are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in January 2018. In September 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

Evidence to include a May 2019 letter from the Veteran’s private oncologist was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). Specific instructions for filing a Supplemental Claim are included with this decision. However, as the Board is granting the claims on appeal in full, submitting a supplemental claim is not relevant in this case.

The Veteran served on active duty in the United States Navy from January 1970 to December 1972. The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in September 2019. Accordingly, the January 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested the Hearing with evidence submission review option. Thereafter, due to the progression of the Veteran’s illness, in May 2019, he requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Although the regulations implementing the AMA, 84 Fed. Reg. 138, 172 (Jan. 18, 2019), to be codified at 38 C.F.R. § 3.2500(e), provide for changing review options (other than to supplemental claim) only if the change is within one year of prior decision notice, given the unique circumstances of this case including the progression of the Veteran’s illness and the fact that the Board will grant both claims on appeal, the Board will address the claims on the merits herein.

In the January 2019 AMA decision, the AOJ found that the Veteran served in the Republic of Vietnam during the applicable presumptive period and he is presumed to have been exposed to herbicide agents to include Agent Orange. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)).

1. Entitlement to service connection for lung cancer

The Veteran contends that his lung cancer is due to exposure to herbicide agents during active military service. Specifically, the Veteran asserts that he was exposed to Agent Orange during active military service and his lung cancer is the primary source of his metastatic cancer. 

Establishing service connection generally requires evidence of the following: (1) A current disability; (2) in-service disease or injury; and (3) nexus between the claimed in-service disease and the current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

With respect to the Veteran’s assertion that his lung cancer is due to herbicide exposure, the Veteran must show the following in order to establish presumptive service connection for a disease associated with exposure to herbicide agents: (1) that he served in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975; (2) that he currently suffers from a disease associated with exposure to certain herbicide agents enumerated under § 3.309(e); and (3) that the current disease process manifested to a degree of 10 percent or more within the specific time period prescribed in § 3.307(a)(6)(ii). 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Lung cancer is listed under the diseases associated with herbicide exposure for purposes of the presumption. 38 C.F.R. § 3.309(e).

As VA recognizes that the Veteran served in the Republic of Vietnam during the presumptive period and lung cancer is listed as disease associated with herbicide exposure for purposes of the presumption, the question on appeal is whether the Veteran has a current diagnosis of lung cancer, and if so, is it the primary source of his metastatic cancer. "Presumptive service connection may not be established under 38 U.S.C. § 1116 and 38 C.F.R. § 3.307(a) for a cancer listed in 38 C.F.R. § 3.309(e) as being associated with herbicide exposure, if the cancer developed as the result of metastasis of a cancer which is not associated with herbicide exposure." VA Gen. Coun. Prec. 18-97 (May 2, 1997); see Darby v. Brown, 10 Vet. App. 243, 246 (1997) (holding that the presumption of service connection for lung cancer was rebutted by medical evidence showing that the stomach was the primary site of the cancer, which metastasized to the lungs).

A November 2017 VA treatment record shows that the Veteran has a current diagnosis of lung cancer. Furthermore, the Veteran’s private oncologist stated in a February 2018 letter that the Veteran has adenocarcinoma within the lung and liver. VA treatment records reflect that a private pathologist in October 2017 revealed that the Veteran had metastatic liver disease and his lungs were likely the primary location. A VA pathologist in November 2017 reveals that that the immunophenotype of carcinoma was not entirely specific, but it is most consistent with origin from the lung, pancreatobiliary tract, or upper GI tract. A June 2018 letter from the Veteran’s private oncologist indicted that this may be an unusual presentation of non-small cell lung (NSCL) cancer. 

Based on the above, the evidence is evenly balanced as to whether the primary source of the Veteran’s cancer is his lungs (and malignant neoplasms of the respiratory system are rated 100 percent under 38 C.F.R. § 4.97, Diagnostic Code 6819, thus satisfying the compensable rating requirement of 38 C.F.R. § 3.307(a)(6)(ii)). As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for lung cancer due to herbicide exposure is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

2. Entitlement to service connection for liver cancer.

Service connection may also be established on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310 (a).

As determined herein, the Board granted entitlement to service connection for lung cancer. The medical evidence further shows that the Veteran’s lung cancer likely metastasized to the liver. Specifically, VA treatment records reflect that a private pathologist in October 2017 revealed that the Veteran had metastatic liver disease and his lungs was likely the primary location. A VA pathologist in November 2017 reveals that that the immunophenotype of carcinoma was not entirely specific, but it is most consistent with origin from the lung. Accordingly, resolving reasonable doubt in favor of the Veteran, service connection for liver cancer is warranted as secondary to the now service-connected lung cancer on a causation basis pursuant to 38 C.F.R. § 3.310(a). See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. Berry, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.