﻿Citation Nr: 19158975
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 16-16 708
DATE: July 30, 2019

ORDER

Service connection for type II diabetes mellitus, to include as due to exposure to herbicide agents, is granted.

FINDINGS OF FACT

1. The Veteran has a current diagnosis of type II diabetes mellitus.

2. The Veteran’s in-service duties brought him to the Demilitarized Zone of the Korean peninsula during service.

CONCLUSION OF LAW

The criteria for service connection for type II diabetes mellitus are met. 38 U.S.C. §§ 1101, 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307(a)(6), 3.309(e)(2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from July 1968 to May 1971. He seeks service connection for diabetes mellitus. 

Generally, service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a).

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of 1) a current disability; 2) an in-service incurrence or aggravation of a disease or injury; and 3) a nexus between the claimed in-service disease or injury and the current disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff’d per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table).

A veteran who, during active military, naval, or air service, served between April 1, 1968, and August 31, 1971, in a unit that, as determined by the Department of Defense, operated in or near the Korean Demilitarized Zone (DMZ) in an area in which herbicides are known to have been applied during that period, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. If a veteran is presumed to have been exposed to an herbicide during such active service, the veteran shall be service connected for the diseases listed under 38 C.F.R. § 3.309 (e), which includes II diabetes mellitus, if the disability manifested to a degree of 10 percent or more at any time after service. See 38 C.F.R. § 3.307 (a)(6)(ii).

Determinations as to service connection will be based on review of the entire evidence of record, to include all pertinent medical evidence. VA must also consider all favorable lay evidence of record. See 38 U.S.C. § 5107 (b); see also Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (a veteran is competent to report on that of which he or she has actually observed and is within the realm of his or her personal knowledge).

The Veteran seeks service connection for diabetes mellitus. Specifically, he contends that the scope of his duties as a repairman brought him to the Korean DMZ where he was exposed to herbicide agents, such that he is entitled to service connection for diabetes mellitus on a presumptive basis.

Here, a current diagnosis of diabetes mellitus is confirmed by the evidence of record. Thus, the dispositive issue is whether the Veteran was brought to the Korean DMZ during his service, which would entitle him to the presumption of exposure to herbicide agents, including Agent Orange, and an award of service connection for diabetes mellitus on a presumptive basis.

Overall, the Board finds the Veteran’s reports that his duties as a cryptographic equipment repairman brought him to the Korean DMZ are both competent and credible, as the Veteran’s statements are consistent with the nature and circumstances of his service. See Layno, 6 Vet. App. at 469-70; Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Specifically, the Veteran’s service personnel records, including his DD Form 214, confirm that he was tasked with fixing cryptographic equipment and that he had foreign service. The Board finds that the Veteran’s reports that he went to the Korean DMZ in order to perform these repairs is consistent with his military occupational specialty. In addition, the record shows that the Veteran was stationed in Korea as of May 1969, which is during the period under which it is presumed that herbicide agents were used in the DMZ.

A Defense Personnel Records Information Retrieval System (DPRIS) request was unable to verify that the Veteran performed duties along the Korean DMZ. Additionally, the Regional Office coordinated its research with the National Archives and Records Administration in College Park, Maryland and they were unable to locate a 1969 unit history submitted by the Veteran’s assigned battalion. The DPRIS response noted that the Veteran’s until was stationed at Yongson, South Korea, some 26 miles from the DMZ. However, due to a lack of available records, DPRIS was unable to document use, storage, spraying, or transporting of Agent Orange or other tactical herbicides. 

While there are no service department records on file that expressly confirm service in the Korean DMZ, there is also no affirmative evidence to establish that the veteran did not go to the DMZ. Therefore, when considering the totality of circumstances surrounding the nature of the Veteran’s service and resolving all doubt in his favor, the Board finds that the Veteran’s duties brought him to the Korean DMZ in the course of his service. 38 C.F.R. § 3.102. Thus, his herbicide exposure is presumed. 38 C.F.R. § 3.307 (a)(6)(iii). 

In light of the Veteran’s current diagnosis of diabetes mellitus and his presumed exposure to herbicides during service, the Board finds that service connection for diabetes mellitus is warranted. See 38 C.F.R. § 3.309 (e); 38 C.F.R. § 3.307 (a)(6). Thus, the claim is granted. 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Jeremy J. Olsen, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.