# United States Court of Appeals for the Federal Circuit

2009-7075

BERTHA G. DAVIDSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.


Bertha G. Davidson, of Statesville, North Carolina, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Rachael T. Shenkman, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

# United States Court of Appeals for the Federal Circuit

2009-7075

BERTHA G. DAVIDSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims 07-2070, Judge Ronald M. Holdaway.

_____

DECIDED:  September 14, 2009
_____

Before LINN, DYK, and PROST, Circuit Judges.

LINN, Circuit Judge.

Bertha G. Davidson ("Ms. Davidson") appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") finding that Ms. Davidson's husband did not die from a service-connected or compensable disability.  In re Davidson, No. 02-16 322 (Bd. Vet. App. June 28, 2007) ("Board Op."), aff'd, Davidson v. Shinseki, No. 07-2070 (Vet. App. Mar. 5, 2009) ("CAVC Op.").  Because the Veterans Court ignored the precedent of this court and incorrectly interpreted 38 U.S.C. § 1154 to require a medical opinion to prove nexus between a veteran's death and in-service disease, we vacate and remand.

# I. BACKGROUND

Ms. Davidson is the surviving spouse of Grant J. Davidson ("Mr. Davidson"), who served on active duty in the United States Army from 1967 to 1972, including combat service in Vietnam. CAVC Op. at 1. Medical records showed that Mr. Davidson suffered from anxiety both before and during his service. Id. at 1-2. On July 8, 1973, Mr. Davidson drowned while swimming with his cousins at a pool that was part of a recreation facility operated by the company for which he then worked. Id. at 2; see also J.A. 111. Mr. Davidson's death certificate listed the immediate cause of death as "[d]rowning," and indicated that his death was "[a]ccidental," rather than the result of suicide, homicide, or natural causes. J.A. 58.

In 1975, Ms. Davidson submitted an initial claim for entitlement to dependency and indemnity compensation, death pension, and accrued benefits. CAVC Op. at 2. The Department of Veterans Affairs ("VA") denied her claim, and the Board affirmed, concluding that the accidental drowning death of Mr. Davidson was not service connected. Id. Ms. Davidson applied to reopen the claim in 1999, and, in 2005, the Board reopened the claim for further development of the record concerning the cause of Mr. Davidson's death. Id. A VA psychiatrist reviewed the medical record and concluded that it was not likely that Mr. Davidson committed suicide, and that "it is **not** at least as likely as not that, at the time of his death, the veteran was suffering from [an] acquired psychiatric disability that had its clinical onset in the service and caused or contributed materially in producing his demise." J.A. 146. Ms. Davidson, however, submitted her own written and oral testimony to the Board, in which she stated her belief that Mr. Davidson had committed suicide as a result of a mental disorder related to his military service. Board Op. at 13-14. The Board credited the VA psychiatrist's

testimony and concluded that Ms. Davidson was "not competent to provide a probative (persuasive) opinion on a medical matter such as the etiology of a disability." Id. at 14. The Board therefore found that Mr. Davidson's death was accidental rather than the result of suicide, and that his anxiety disorder did not cause or materially contribute to his death. Id. at 3. Thus, the Board denied entitlement to service connection. Id. at 15.

The Veterans Court affirmed, reasoning that the Board's determination as to the cause of Mr. Davidson's death was not clearly erroneous. CAVC Op. at 4. The Veterans Court considered and rejected Ms. Davidson's argument that the Board had erred by failing to accept her lay testimony concerning the cause of Mr. Davidson's death. Id. at 5. In reaching its conclusion, the Veterans Court held that "lay statements . . . do not eliminate the need for a valid medical opinion establishing a nexus between [a veteran's] death and the in-service disease." Id. Applying this principle to Ms. Davidson's testimony, the Veterans Court concluded that "[t]he lay statements by [Ms. Davidson] that [Mr. Davidson's] death was a result of a mental disorder do not provide this required medical nexus because, as the Board properly concluded, she is not competent to provide evidence that requires medical knowledge such as an opinion of the etiology of the veteran's death." Id. Ms. Davidson appeals from that decision.

This court's jurisdiction over appeals from the Veterans Court is strictly limited by statute. Under 38 U.S.C. § 7292(a), we have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in

making the decision."  However, unless an appeal "presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

## II.  DISCUSSION

### A.  Section 1154(b)

In her informal brief, Ms. Davidson argues that the Veterans Court misinterpreted 38 U.S.C. § 1154(b).  See Informal Br. of Appellant ¶ 2.  Section 1154(b) governs the treatment of lay evidence of service connection for veterans who engage in combat:

> In the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran.

38 U.S.C. § 1154(b) (emphases added); see also 38 U.S.C. § 1154(a) (requiring "due consideration" to "all pertinent medical and lay evidence" even in cases not involving combat injury).  We understand Ms. Davidson's argument to be that the Veterans Court misinterpreted § 1154(b) by failing to require that the Board consider her lay testimony about the cause of Mr. Davidson's death.

We conclude that § 1154(b) is inapplicable.  As the text of § 1154(b) makes clear, the section applies only to "lay or other evidence of service incurrence or aggravation of [an] injury or disease."  Id. § 1154(b) (emphasis added).  Thus, in this case, § 1154(b) could be used only to show that Mr. Davidson incurred or aggravated a disease during service.  As the Veterans Court correctly noted, the Board found an in-

service disease. Specifically, "the Board found that [Mr. Davidson] suffered from an anxiety disorder in service." CAVC Op. at 5. The reason that Ms. Davidson's claim for service connection was denied was not because Mr. Davidson did not incur a disease during service, but rather because of the perceived absence of a nexus between that disease and Mr. Davidson's death. See 38 U.S.C. § 1310(a) ("When any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Secretary shall pay dependency and indemnity compensation to such veteran's surviving spouse, children, and parents." (emphasis added)); 38 C.F.R. § 3.312(a) ("The death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death." (emphasis added)); see also Caluza v. Brown, 7 Vet. App. 498, 507 (1995) ("Section 1154(b) deals with the question whether a particular disease or injury was incurred or aggravated in service—that is, what happened then—not the questions of either current disability or nexus to service . . . ."), aff'd, 78 F.3d 604 (Fed. Cir. 1996) (unpublished table decision). Because § 1154(b) concerns only whether a disease was incurred or aggravated in service—not whether the disease was the principal or a contributory cause of death—the Board did not misinterpret § 1154(b) by declining to give controlling weight to Ms. Davidson's testimony about Mr. Davidson's cause of death.

## B. Section 1154(a)

Ms. Davidson also argues that "the [Veteran's] Court did not consider . . . competent lay or medical evidence." See Informal Br. of Appellant ¶ 4. Ms. Davidson offered her own lay testimony to the Board suggesting that Mr. Davidson had committed suicide as the result of anxiety or depression incurred or aggravated

during service. Board Op. at 13-14. The Veterans Court affirmed the Board's rejection of this evidence, held that "a valid medical opinion" was required to prove nexus, and concluded that Ms. Davidson was "not competent to provide evidence that requires medical knowledge." CAVC Op. at 5. We interpret Ms. Davidson's argument on appeal to be that the Veterans Court erred in interpreting 38 U.S.C. § 1154(a) by requiring that nexus be proven with "a valid medial opinion."

In relevant part, 38 U.S.C. § 1154(a) requires that the VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim to disability or death benefits. We have consistently held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (footnote omitted). In fact, we have previously explicitly rejected the view of the Veterans Court that "competent medical evidence is required . . . [when] the determinative issue involves either medical etiology or a medical diagnosis." Id. at 1376-77 (quoting Jandreau v. Nicholson, No. 04-1254, 2006 WL 2805545, at *3 (Vet. App. Aug. 24, 2006)) (alterations in original); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence.").

Ignoring this precedent, the Veterans Court in this case stated categorically that "a valid medical opinion" was required to establish nexus, and that Ms. Davidson was

"not competent" to provide testimony as to nexus because she was a layperson.  <u>CAVC Op.</u> at 5.  The Veterans Court's holding in this case is in direct conflict with our precedent and must be vacated.  We leave it to the Veterans Court, applying the principles set forth in <u>Jandreau</u>, to determine in the first instance on remand what further proceedings may be required.

## III.  CONCLUSION

For the foregoing reasons, we vacate the judgment of the Veterans Court and remand to the Veterans Court for further proceedings consistent with this opinion.

<u>VACATED</u> AND <u>REMANDED</u>

## COSTS

Costs are awarded to Ms. Davidson.