http://www.va.gov/vetapp16/Files2/1617303.txt

Citation Nr: 1617303 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 08-14 330 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUES

Entitlement to service connection for a low back disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

B. Berry, Counsel

INTRODUCTION

The Veteran served on active duty from July 1980 to February 1988.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in August 2007 by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

The Veteran testified at a travel Board hearing before the undersigned Veterans Law Judge in June 2010. A transcript of the hearing is of record. 

The Board remanded these issues in January 2011, December 2013, and September 2015 for further evidentiary development. The Appeals Management Center (AMC) continued the denial of the claim as reflected in the January 2016 supplemental statement of the case (SSOC) and returned this issue to the Board for further appellate consideration.

FINDING OF FACT

The evidence is in equipoise with respect to whether the Veteran's service-connected left ankle disability caused his musculoskeletal back pain with degenerative joint disease and degenerative disc disease of the lumbar spine. 

CONCLUSION OF LAW

Resolving any reasonable doubt in the Veteran's favor, musculoskeletal back pain with degenerative joint disease and degenerative disc disease of the lumbar spine right hip was caused by service-connected chronic left ankle strain. 38 U.S.C.A. §§ 1110, 1112, 1113 (West 2014); 38 C.F.R. §§ 3303, 3.310 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Notice and Assistance

The United States Department of Veterans Affairs (VA) has a duty to notify and assist a claimant in developing a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). As will be discussed in detail below, the Board is granting entitlement to service connection for degenerative joint disease and degenerative disc disease of the lumbosacral spine. This is a full grant of the benefits sought on appeal with respect to his service connection claim. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed.

II. Criteria and Analysis

The Veteran claims that he injured his low back when he fell approximately 20 feet from a helicopter in service. In the alternative, he argues that his service-connected left ankle injury, bilateral knee disability, and/or bilateral hip disability caused or aggravated his current low back disability.

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). Service connection also may be established on a secondary basis for a disability that is proximately due to, or the result of, a service-connected disease or injury. 38 C.F.R. § 3.310(a) (West 2014). Similarly, any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. 38 C.F.R. § 3.310(b); Allen v. Brown, 7 Vet. App. 439 (1995).

The medical evidence of record shows that the Veteran has a current diagnosis of a low back disability. In this regard, a March 2011 VA examination shows that the Veteran was diagnosed with musculoskeletal back pain with four non-rib-bearing vertebrae designated as L1-L4 and partial sacralization of the L5 vertebral body with broad right transverse process which articulates with the sacrum. The examiner also noted that the Veteran had degenerative disc disease, not arthritis. The March 2014 VA examiner diagnosed the Veteran with degenerative joint disease and mild degenerative disc disease of the lumbar spine. The November 2015 VA examiner also provided a diagnosis of lumbar disk disease. Thus, the medical evidence of record shows that the Veteran has a current diagnosis the claimed disability. 

With respect to the issue of whether the Veteran's current low back disability is secondary to his service-connected left ankle disability and/or service-connected bilateral hip and bilateral knee disabilities, the record contains conflicting medical opinions. A November 2008 letter from the Veteran's private physician reveals that the Veteran had been a long time patient at his clinic. After reviewing the Veteran's medical records from service, the physician noted that he found that the complaints the Veteran sought treatment for where related to his fall from a helicopter that caused him to land on the left side of his body upon impact. The physician explained that the Veteran's visits for back pain are due to the abnormal gait and he can say with a reasonable degree of medical certainty that the majority of the Veteran's pain symptoms that have affected him are caused by his ankle injury. He explained that the abnormal gait has caused the Veteran to wear down the left side of his body much faster than normal. His body has tried to compensate for being unbalanced; therefore, causing more wear on his lower back. The Board finds that the opinion from the Veteran's private physician is probative as he was aware of the Veteran's pertinent medical history and provided a clear explanation for his opinion. 

In contrast, after reviewing the claims file and evaluating the Veteran, the VA examiner in January 2009 provide the opinion that the Veteran's lower back pain with no significant radiological findings is not likely related to the Veteran's service-connected chronic left ankle sprain as the left ankle sprain with no significant radiological abnormal findings would not affect other joints. She further explained in an April 2009 addendum that there was no abnormal gait, except for a slow gait. The Board finds that this opinion is not adequate and of low probative value as she did not discuss the medical evidence of record that documents observations of abnormal weight-bearing and an abnormal gait. The VA examiner in March 2011 provided the opinion that the Veteran's current lumbar condition was less likely than not permanently aggravated or a result of any event and/or condition that occurred and/or expressed in service and/or within one year of discharge including the 1983 fall from the helicopter and was not caused by and/or worsened by an already service connected disability. He determined that it is at least as likely as not a result of the risk of back pain in the general population. . The natural progression was not altered or worsened by any event and/or condition that occurred and/or expressed during active service including the 1983 fall from the helicopter. The Board finds that the March 2011 VA examiner's opinion with respect to whether the Veteran's low back disorder is secondary to his service-connected right ankle disorder is of low probative value as he did not provide a clear explanation in support of his medical opinion. The VA examiner in March 2014 also determined that the Veteran's degenerative joint disease and degenerative disc disease of the lumbar spine is less likely than not caused by or aggravated by his service-connected hips, knees, and left ankle disabilities. She explained that the medical literature does not support the theory that dysfunction in one joint causes dysfunction in another. This opinion is of low probative value, as the examiner did not address whether the Veteran has an abnormal gait due to his service-connected disabilities, and if so, whether, such abnormal gait caused or aggravated the Veteran's current low back disorder. 

Finally, the Veteran was provided with a VA examination in November 2015. The VA examiner observed that the Veteran has an altered gait as he puts more weight on his right side than his left side. The examiner also noted that the veteran had bilateral hip replacements in 2011. He noted that it is likely with having bilateral hip replacements that the Veteran has had an altered gait for some time. The examiner determined that regarding the question of whether and how much this has contributed to his current back pain, he cannot resolve without resorting to mere speculation. He also noted that he cannot resolve without resorting to mere speculation whether his bilateral hip pain, left knee pain, or right knee pain have contributed to the Veteran's current back pain or what percentage has contributed to his current back pain. The VA examiner's determination has no probative value, because he was unable to provide an opinion on whether the Veteran's current low back disability is caused by or aggravated by his service-connected disabilities. See Fagan v. Shinseki, 573 F.3d 1282, 1288-89 (Fed. Cir. 2009) (holding that the Court did not err as a matter of law when it treated as "non-evidence" an examiner's statement that recites the inability to come to an opinion).

After a careful review of the evidence to include the aforementioned medical opinions, the Board finds no reason to accord more weight to the negative medical opinions over the positive medical opinion. Thus, the record contains an approximate balance of positive and negative evidence regarding the issue of whether the Veteran's current low back disabilities are caused by his service-connected left ankle strain and the Board resolves any reasonable doubt in favor of the Veteran. Accordingly, the Board finds that entitlement to service connection for musculoskeletal back pain with degenerative joint disease and degenerative disc disease of the lumbar spine is warranted.

ORDER

Entitlement to service connection for musculoskeletal back pain with degenerative joint disease and degenerative disc disease is granted.

______________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs