Citation Nr: 1736704 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 09-15 108 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a lumbar spine condition. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

I. Warren, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from October 2002 to April 2007. Additional Army Reserve service is noted.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. The claim is currently under the jurisdiction of the RO in Montgomery, Alabama.

In September 2011, the Veteran testified before the undersigned in a videoconference hearing. A transcript of the hearing has been associated with the claims file.

In November 2011, January 2015 and September 2016, the Board remanded the appeal for further development.

Following the September 2016 remand, the RO granted entitlement to service connection for a right hip disability. Because this was a full grant of the benefit sought on appeal, this issue is no longer before the Board.



FINDING OF FACT

The evidence is in relative equipoise as to whether the Veteran's lumbar strain is attributable to service. 


CONCLUSION OF LAW

Lumbar strain was incurred in active duty service. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. § 3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A.§ 1110 (West 2014); 38 C.F.R. § 3.303(a) (2016). Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

In the present case, the Board finds that the Veteran has been diagnosed with lumbar strain. See VA examinations of November 2008 and December 2015. She provided testimony in September 2011 that she injured her back during a training exercise and that she sought treatment on multiple occasions. Additionally, the VA examiner of November 2016 reviewed the November 2008 examination and noted moderate lumbar instability; he also noted minimal degenerative changes of the thoracic spine upon x-ray in November 2011. The Board notes that the record contains several negative medical opinions regarding a connection between the Veteran's low back and service, but these were based upon "silent service records" and a lack of documentation of evaluation, diagnosis, or treatment of chronic back difficulties. As noted above, the Veteran served on active duty from 2002 to 2007. The service treatment records located in her electronic folder are dated from 2002 to 2004. She has claimed lumbar spine trouble since the date of her initial claim for benefits in May 2007. The record has consistently shown complaints of lumbar strain dated from service and a diagnosis as early as November 2008. Minimal degenerative changes were noted on x-ray examination in 2011. Based upon the above described factual scenario, the Board finds that her lumbar spine complaints have been continuous since service and that service connection for lumbar strain with minimal degenerative changes is warranted. 


ORDER

Service connection for lumbar strain with minimal degenerative changes
is granted.



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).