Citation Nr: 1755104 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 17-44 471 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California

THE ISSUE

Entitlement to service connection for coronary artery disease (claimed as a heart condition).

REPRESENTATION

Appellant represented by: California Department of Veterans Affairs

ATTORNEY FOR THE BOARD

L. Bush, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from January 1957 to January 1961. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a June 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California. 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a) (2) (2017).

FINDING OF FACT

The weight of the evidence is against a finding that the Veteran's coronary artery disease is etiologically related to his military service. 


CONCLUSION OF LAW

The criteria for entitlement to service connection for coronary artery disease have not been met. 38 U.S.C. § 1110, 5107 (2012); 38 C.F.R. § 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The law provides that service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303, 3.304 (2017). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d) (2017).

Generally, establishing service connection requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999).

The Veteran maintains that his coronary artery disease is related to the rheumatic fever he suffered from while in service. See VA Form 9. 

First, there is evidence of a current disability. The record shows that the Veteran has a current diagnosis of coronary artery disease, thereby satisfying the first element of service connection. 

Second, there is evidence of an in-service event, disease, or injury as the Veteran's service treatment records (STRs) show that he was treated for rheumatic fever during service. He was hospitalized for six months. His separation examination noted that he had no resultant complications or sequelae. See December 1960 Separation Examination. 

The third and final element for a service connection claim is a nexus between the current disability and the in-service event, disease, or injury. While the Veteran asserts that his current coronary artery disease is related to the rheumatic fever he was treated for while in service, the Board notes that an opinion regarding the etiology of the Veteran's coronary artery disease requires knowledge of the of the cardiovascular system and the various causes of coronary artery disease, and would involve objective clinical testing that the Veteran is not competent to perform. An opinion regarding the etiology of the Veteran's heart condition requires the aforementioned specialized training and the issue is therefore not susceptible of lay opinions on etiology; thus, the Veteran's statements cannot be accepted as competent evidence. See Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009). 

The Veteran was provided a VA Examination in May 2017. Prior to rendering an opinion, the examiner reviewed the record, interviewed the Veteran, and performed a physical examination. He concluded that the Veteran's current coronary artery disease was less likely as not caused by or the rheumatic fever he was treated for during service. He found that the Veteran had no reported complications with his rheumatic fever. Further, he stated that he could not give the opinion that the in-service rheumatic fever led to rheumatic valvular heart disease based on the previous echocardiograms. Finally, the examiner determined that the Veteran's condition was due to the normal aging process and that the condition worsened due to congestive heart failure. See May 2017 VA Examination. The Board finds this opinion to be the most probative on the question of nexus as it is supported by clear and thorough rationale, including an alternative etiology of the Veteran's coronary artery disability. No alternative medical, or otherwise competent, evidence is of record which relates the Veteran's current heart disability to his active service.

It is VA's defined and consistently applied policy to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt it is meant that an approximate balance of positive and negative evidence exists which does not satisfactorily prove or disprove the claim. Reasonable doubt is a substantial doubt and one within the range of probability as distinguished from pure speculation or remote possibility. See 38 U.S.C.A. Â§ 5107 (b); 38 C.F.R. Â§ 3.102.

For the reasons stated above, the Board finds that the preponderance of evidence is against the Veteran's claim of entitlement to service connection for coronary artery disease and his appeal must be denied. There is no reasonable doubt to be resolved as to this issue. See 38 U.S.C. § 5107 (b) (2012); 38 C.F.R. § 3.102 (2017); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for coronary artery disease (claimed as a heart condition) is denied. 



____________________________________________
Bradley W. Hennings
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs