﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190617-56821
DATE: February 27, 2020

ORDER

Service connection for sleep apnea is granted.

REMANDED

Service connection for dizziness is remanded.

FINDING OF FACT

The Veteran’s sleep apnea had its onset in service.

CONCLUSION OF LAW

The criteria for service connection for sleep apnea have been met. The criteria for service connection for sleep apnea have been met. 38 U.S.C. § §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Army from June 1992 to November 2012, including service in Iraq from November 2005 to May 2006. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Board notes that the rating decision on appeal was issued in April 2018. In June 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)).

The Veteran filed a Notice of Disagreement for a Decision Review Office (DRO) appeal in June 2018. The agency of original jurisdiction issued a Statement of the Case (SOC) in April 2019 denying the Veteran’s claims. The Veteran selected the Direct Review lane without a Board hearing when he opted in to the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)) in June 2019. As the request to opt into AMA was received within 60 days of the SOC, the Board will honor the Veteran’s choice and adjudicate under the AMA. Thus, the Board’s review is limited to the evidence of record at the time of the April 2019 SOC. 

Service connection for sleep apnea

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability). See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303(a).

The Veteran contends that his diagnosed obstructive sleep apnea (OSA) began during service and has been recurrent since that time. The Veteran’s service treatment records are silent for complaints or treatment for sleep apnea, but post service treatment records show a diagnosis from Walter Reed National Military Center Sleep Disorders Center of OSA confirmed by a sleep study in February 2018, and the Veteran was prescribed a CPAP machine for management of his conditions. See February 2018 Medical Treatment Records.

The Veteran has submitted buddy statements from several individuals who served with him in service and who directly witnessed his sleep apnea. In a buddy statement from January 2019, a fellow serviceman stated he has known the Veteran since the mid-1990s, lived with him for two years while stationed at Ft. Belvoir and remembered that the Veteran was an extremely loud snorer, would wake himself up with his snoring frequently, he was often fatigued and slept so deep at times he couldn’t notice anyone coming in. See January 2019 Statement in Support of Claim. A buddy statement was submitted by someone who knew the Veteran since 2002, played softball together with him for 6 years, and was sometimes roommates with him; the buddy stated the Veteran’s snoring was very loud, he would have to check on him at times because he sounded like he was choking while asleep, and would sometimes wake him up in order to get some sleep. This buddy also added he started working with the Veteran around 2007, and the Veteran was often tired during the day, would doze off while sitting and talking at times, and Veteran would go out to his car during lunch and sleep. See January 2019 Statement in Support of Claim. Another fellow serviceman, who was also a medic, stated he knew the Veteran since 1995, and was stationed with him in Yongsan, Korea from 2003-2005 where he stayed at the Veteran’s apartment on the weekends and noticed his loud snoring. This medic also lived with the Veteran from May 2017 to November 2017, where he again noticed Veteran’s loud snoring, deep sleep, and asked him to seek medical assistance with the VA. See February 2019 Statement in Support of Claim.

Here, in light of the competent and credible lay evidence, the Board finds that the Veteran’s obstructive sleep apnea became manifest while he was on active duty. Further, the evidence shows that he has been diagnosed as having this disability. As such, although a VA examiner has not rendered an opinion regarding the etiology of the Veteran’s sleep apnea, the Board concludes that the evidence shows that the disability became manifest while the Veteran was on active duty and thus was incurred in service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Thus, all three elements necessary to establish service connection have been met.

REASONS FOR REMAND

Service connection for dizziness is remanded.

The Veteran contends that he experiences dizziness related to his military service. His episodes of dizziness are associated with fainting spells, which have resulted in head trauma before, and incorporate light headedness, odd sensations, and anxiety. See April 2018 CAPRI Records. His post-treatment records show treatment and prescribed medication for dizziness. See January 2018 CAPRI Records.

The issue of entitlement to service connection for dizziness is remanded to correct a duty to assist error that occurred prior to the April 2019 SOC. 38 U.S.C. § 5103A(f)(2)(A). Specifically, the Veteran was not provided a VA examination prior to the decision on appeal to address whether the Veteran’s dizziness was related to or had its onset in service. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any dizziness disorder.

The VA examiner must review all the evidence of record and provide a medical opinion addressing each of the following questions:

Is it at least as likely as not that any dizziness disorder disability is related to an in-service injury, event, or disease?

Is it at least as likely as not that any dizziness disorder (1) began during active service, (2) manifested within 1 year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Is it at least as likely as not that any dizziness disorder was caused by a service-connected disability?

Is it at least as likely as not that any dizziness disorder was aggravated by a service-connected disability?

Is it at least as likely as not that any dizziness disorder was caused and/or aggravated by a nonservice-connected disability (or other claimed disability)?

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Zarar Ahmed, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.