﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190705-12507
DATE: June 30, 2020

ORDER

Entitlement to an initial rating in excess of 30 percent for post-traumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The Veteran's PTSD is manifested by no more than occupational and social impairment with occasional decrease in work efficiency and reduced reliability, due to such symptoms as chronic sleep impairment, nightmares, depression, anxiety, irritability, suspiciousness, and mild memory loss. 

CONCLUSION OF LAW

The criteria for an initial rating in excess of 30 percent for post-traumatic stress disorder (PTSD) have not been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.102, 4.1, 4.7, 4.130, Diagnostic Code (DC) 9411. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran served on active duty from January 1966 to October 1994. 

This matter comes before the Board of Veterans' Appeals (hereinafter Board) on appeal from a May 2019 rating decision (RO) decision issued by the Department of Veterans Affairs (VA), which granted service connection for PTSD and assigned a 30 percent rating, effective February 8, 2019. 

Subsequently, the Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 Decision Review Request: Board Appeal (NOD) in July 2019. The Veteran selected the Direct Review Lane, in which the Board's decision would be based on the evidence of record at the time of the prior decision. 

The Board notes that on the VA Form 10182, the Veteran indicated that he was appealing “hearing loss;” however, the only rating decision that adjudicated a claim of entitlement to service connection for hearing loss was in April 1995. In his May 2020 appellate brief, the Veteran’s service representative explained that the Veteran was appealing the rating decision dated in May 2019, which would refer to the rating assigned for the service-connected PTSD. 

In determining the scope of a claim, VA has an obligation to liberally construe the pleadings of a claimant to discern all issues raised in the record. See Robinson v. Shinseki, 557 F.3d 1355 (Fed. Cir. 2009). Thus, in light of evidence of record and the appellate brief, the Board finds that the issue of appeal is proper rating for the service-connected PTSD. 

1. Entitlement to an initial rating in excess of 30 percent for post-traumatic stress disorder (PTSD)

The Veteran essentially contends that his PTSD is more disabling than reflected by the rating currently assigned. 

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10. 

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran's disability. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). 

If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. 

The Veteran's PTSD has been assigned a 30 percent rating under Diagnostic Code 9411, 38 C.F.R. § 4.130 (2018). The rating for the Veteran's PTSD is determined by application of 38 C.F.R. § 4.130, Diagnostic Code 9411. Under that code, a 30 percent evaluation is warranted when there is occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events). 

A 50 percent rating requires occupational and social impairment with reduced reliability and productivity due to such symptoms as a flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships. 

A 70 percent rating requires occupational and social impairment, with deficiencies in most areas such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near- continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); or the inability to establish and maintain effective relationships. 

A 100 percent rating requires total occupational and social impairment, due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for the names of close relatives, own occupation, or own name. 

When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the Veteran's capacity for adjustment during periods of remission. 38 C.F.R. § 4.126 (a). The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner's assessment of the level of disability at the moment of the examination. Id. The rating agency shall also consider the extent of social impairment, but not assign an evaluation solely on the basis of social impairment. 38 C.F.R. § 4.126 (b). 

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has emphasized that the list of symptoms under a given rating is a non-exhaustive list, as indicated by the words “such as” that precede each list of symptoms. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 115 (Fed. Cir. 2013). In Vazquez-Claudio, the Federal Circuit held that a veteran may only qualify for a given disability rating under 38 C.F.R. § 4.130 by demonstrating the particular symptoms associated with that percentage or others of similar severity, frequency, and duration. Id. at 118. Other language in the decision indicates that the phrase “others of similar severity, frequency, and duration,” can be thought of as symptoms of like kind to those listed in the regulation for a given disability rating. Id. at 116. 

The Veteran’s application for service connection for PTSD (VA Form 21-526EZ) was received in March 2019. Submitted in support of the claim was a statement in support of claim for PTSD (VA Form 21-0781), wherein the Veteran described several stressful incidents which occurred during his period of active service in Vietnam. He recalled an incident during which their command post was attacked by rocket fire and camp was destroyed; he also recalled a mission across the border into Cambodia during which their helicopters were hit by rockets and all members of the team and flight crews were killed. The Veteran indicated that while he does not recall the names of the dead and wounded soldiers, he continues to relive and dream about those incidents ever since his discharge from service. 

In conjunction with his claim, the Veteran was afforded a DBQ examination in May 2019. At that time, the Veteran reported that he has been married twice, most recently in 2000 and he has problems with his wife. He has some friends, but he doesn’t trust anyone. The Veteran reported difficulty sleeping caused by recurring nightmares. He indicated that he drinks to fall asleep but remains extremely agitated. He also reported feelings of anger and detachment. The examiner indicated that the Veteran met the criteria for PTSD, and his disability was manifested by anxiety, suspiciousness, chronic sleep impairment, mild memory loss, as well as irritability, problems with loud noises, and difficulty staying with an argument. The examiner also noted that the Veteran was agitated, with poor eye contact, constantly moving his hands, and he struggled to hold back tears. The pertinent diagnosis was PTSD. The examiner stated that that the Veteran's PTSD resulted in occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation. 

Based on the foregoing, the Board finds that the evidence is against granting an initial rating higher than 30 percent for the Veteran's PTSD. The evidence does not show that his symptoms have been of the type and degree contemplated by the criteria for a 50 percent disability rating. In this regard, the Board notes that, little in the record, including the Veteran’s lay statements, suggest that the criteria for a schedular evaluation in excess of 30 percent are met. In reaching its conclusion, the Board has considered the Veteran's statements regarding his PTSD symptoms and their impact on his functioning; during the DBQ examination, he described depression, anxiety, sleep disturbance due to nightmares, irritability, hypervigilance, and feelings of anger. However, the evidence as a whole does not demonstrate deficiencies supportive of a 50 percent or higher evaluation or symptoms of a higher rating. There is no indication of obsessional rituals or other disturbance of thought. There is no showing that his outbursts of anger resulted in reduced reliability and productivity, impairment in most areas, or more. It is noteworthy that the May 2019 DBQ examiner opined that the Veteran’s PTSD symptoms caused occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily. The evidence does not show that the Veteran has had a flattened affect, speech problems, panic attacks more than once a week, difficulty understanding complex demands, impairment of short or long term memory, impaired judgment, impaired abstract thinking, disturbances in motivation and mood, or difficulty in establishing and maintaining social relationships. 

Although the Veteran has reported that he has experienced problems with irritability, feelings of detachment from others due to the fact that he doesn’t trust anybody and he has problems with his wife, these symptoms do not show that his PTSD is manifested by occupational and social impairment with reduced reliability and productivity. In fact, while the Veteran reported having problems with his wife, he is still married and has a few friends with whom he is in contact. Therefore, the Veteran did not display occupational and social impairment with reduced reliability and productivity even when factoring in other relevant criteria outside of the rating code. See Mauerhan, 16 Vet. App. at 444. Based on the foregoing evidence, the Veteran's PTSD does not approximate the criteria for a rating of 50 percent. 38 C.F.R. § 4.130, DC 9411. 

The record does not indicate that the Veteran has exhibited any of the symptoms described in the criteria for a 70 percent or 100 percent disability rating. The Board acknowledges that the list of symptoms is not exhaustive; however, the Veteran's reported symptoms have not caused occupational or social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, as required for a 70 percent evaluation. 38 C.F.R. § 4.130, DC 9411. The Veteran has not exhibited symptoms such as suicidal ideation; obsessional rituals; illogical, obscure, or irrelevant speech; impaired impulse control with periods of violence; spatial disorientation; difficulty in adapting to stressful circumstances; or inability to establish and maintain effective relationships. Id. Although the Veteran reported anger issues, the evidence does not show that these included periods of violence or any manifestation of like kind. Likewise, the Veteran's reported symptoms have not caused total occupational and social impairment, which is required for a 100 percent evaluation. 38 C.F.R. § 4.130, DC 9411. Therefore, the Veteran's PTSD does not warrant a 70 percent or 100 percent evaluation. 

The Board acknowledges the Veteran’s assertion that his PTSD warrants a higher disability rating. In determining the actual degree of disability, however, contemporaneous medical records and an objective examination by a health professional are more probative of the degree or severity of the Veteran’s impairment. This is particularly so where the rating criteria require analysis of clinically significant symptoms. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The Board finds that the Veteran, who lacks medical training, is not competent to give evidence of the medical significance of his symptoms. Id. The Veteran lacks the adequate medical expertise to render a medical opinion as to the nature of his medical condition. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Jones v. West, 12 Vet. App. 383, 385 (1999). 

Based on above, the current 30 percent disability rating is the appropriate evaluation for the Veteran's PTSD. The preponderance of the evidence is against an assignment of a 50 percent rating or higher at any point during the appeal period. Therefore, the Veteran's claim of an evaluation in excess of 30 percent for post-traumatic stress disorder must be denied. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.10, 4.21, 4.126, 4.130, DC 9411. 

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 4.3. 

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.