Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 210409-151568
DATE: September 29, 2021

ORDER

Entitlement to service connection for chronic bronchiectasis is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran's chronic bronchiectasis is causally related to his service. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for chronic bronchiectasis have not been met. 38 U.S.C. §§ 1110, 1111, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b)(1).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1964 to October 1968.

The Veteran's initial claim of service connection for chronic bronchiectasis was denied in a September 2015 rating decision. That decision is final because there was no appeal and no new and material evidence received within the appeal period. The Agency of Original Jurisdiction (AOJ) took a VA Form 20-0995 (Decision Review Request: Supplemental Claim) received in September 2020 as a claim and "continued and confirmed" the previous denial of service connection. See November 2020 rating decision. The Veteran appealed that decision directly to the Board and chose the Evidence docket. See April 2021 VA Form 10182. Therefore, the Board may only consider the evidence of record at the time of the November 2020 rating decision as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

In the November 2020 rating decision, the AOJ adjudicated the claim on the merits. Consequently, as the AOJ implicitly found that new and relevant evidence was received so as to warrant readjudication of such claims and the Board is bound by such favorable findings, the claim will be reviewed on a de novo basis. 38 C.F.R. §§ 3.104(c), 20.801.

Entitlement to service connection for chronic bronchiectasis

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of: (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Hickson v. West, 12 Vet. App. 247, 253 (1999).

For chronic diseases listed in 38 C.F.R. § 3.309(a), the linkage element of service connection may also be established by demonstrating continuity of symptoms since service. 38 C.F.R. § 3.303(b). 38 C.F.R. § 3.307(a)(3) provides for presumptive service connection for chronic diseases that become manifest to a degree of 10 percent or more within 1 year from the date of separation from service. However, chronic bronchiectasis is not listed as a "chronic disease" under 38 C.F.R. § 3.309(a); therefore, 38 C.F.R. §§ 3.303(b) and 3.309(a) do not apply. See Walker v. Shinseki, 708 F.3d 1331 (Fed.Cir.2013).

A Veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975, is presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to the contrary. 38 C.F.R. § 3.307(a)(6)(iii).

Certain diseases associated with exposure to certain herbicide agents used in support of military operations in the Republic of Vietnam (Vietnam) during the Vietnam era will be considered to have been incurred in service. 38 U.S.C. § 1116(a)(1); 38 C.F.R. § 3.307(a)(6). Chronic bronchiectasis is not a presumed disease associated herbicide exposure. 38 C.F.R. §§ 3.309(e). However, the Board can also consider whether the claimed disability was directly caused by herbicide exposure. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

In the November 2020 rating decision, the AOJ made the following favorable findings: that the Veteran had been exposed to Agent Orange during service, he had a confirmed diagnosis of chronic bronchiectasis and he had sufficient service the meet the minimum requirements for presumptive service connection. The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c).

The question for the Board is whether the currently diagnosed chronic bronchiectasis is related to service. The Board finds that it is not.

The Veteran's service treatment records (STRs) are silent for any complaints of shortness of breath, lung or asthma during service. At enlistment, the Veteran reported occasional hay fever, but no related diagnosis or defect was noted. A December 1964 STR shows the Veteran was in close contact with a person with active tuberculosis; chest x-ray at that time was normal. Purified-protein derivative (PPD) testing conducted in December 1964 and then 12 weeks later was negative. A May 1967 follow-up chest x-ray was normal, "no evidence of disease." On his Report of Medical History completed at separation, the Veteran checked "yes" to had/having sinusitis and hay fever; he checked "no" to had/having a chronic cough. All chest X-rays during service, to include on entrance and separation examinations, were normal. 

A June 2015 CT scan showed bronchiectasis bilaterally. The Veteran contends that the chronic cough that he has had since service was a manifestation of his bronchiectasis. 

The Veteran has said he experienced a chronic cough during service and since service. He has submitted several lay statements, including from fellow service members, who reiterate that history. 

A May 2015 Disability Benefits Questionnaire (DBQ) completed by a private provider included a diagnosis of chronic bronchiectasis but did not provide a nexus opinion. 

In a July 2020 affidavit, the Veteran related the history of his condition and said he recalled being diagnosed with pneumonia in 1964 while in boot camp. He recalled that he was escorted to sick bay after he was "clearly delirious" with fever and was treated by a corpsman with antibiotics and bedrest for approximately one week. He also said "[o]f course, there is no record of this that I can find." 

Following a VA examination in October 2020, the examiner provided a negative nexus opinion. In the opinion, the examiner relied on statements made by the Veteran to his provider that he had been experiencing a cough for about 10 years or around the year 2000. The examiner provided a short explanation of the disease process for chronic bronchiectasis and then opined that bronchiectasis had no relationship to hay fever and sinusitis the Veteran experienced in service. The examiner explained that bronchiectasis is a pulmonary lower respiratory tract condition involving damage to the bronchial tubes and airways while sinusitis or hay fever are upper respiratory tract conditions. The examiner did not discuss the Veteran's buddy statements documenting the Veteran's complaint of having a chronic cough during and since active service.

In April 2021, the Veteran submitted a private opinion from a pulmonary specialist. The pulmonologist provided a positive nexus opinion that it is at least as likely as not that the Veteran's chronic cough since service is evidence of progressively worsening bronchiectasis not found until his high-resolution CT scan in 2015. The opinion provider included a detailed review of the Veteran's record, including STRs, medical records, previous opinions and lay statements. The examiner also noted the Veteran's report of having pneumonia during service. 

In support of the positive opinion, the pulmonologist provided an overview of the bronchiectasis disease process. Additionally, the examiner then referenced medical literature that showed that most patients that are eventually diagnosed with bronchiectasis are initially assessed for a history of a chronic productive cough. "In many cases, this chronic cough appears after a history of pneumonia." The pulmonologist further explained that a conventional x-ray would not detect the presence of bronchiectasis which can only be detected with a high contrast CT scan; this would account for why the Veteran was not diagnosed with bronchiectasis until 2015. 

After a review of the evidence the Board finds that the service connection is not warranted for chronic bronchiectasis.

Evidence against the claim is the October 2020 VA examination opinion that stated the Veteran's hay fever and sinusitis during service were not related to his chronic bronchiectasis. 

The Board notes that the statements submitted by the Veteran and his friends stating he has had a chronic cough that started during service and continued since active service. Lay persons are competent to testify to matters of which they have firsthand knowledge (i.e., cough). Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Therefore, the lay statements are competent evidence that the Veteran had a chronic cough. The Veteran and those who provided the lay statements are not competent to diagnose or provide an etiology opinion because the diagnosis and etiology of the bronchiectasis is outside the realm of common knowledge of a lay person because it involves complex medical issues that go beyond a simple and immediately observable cause-and-effect relationship. See Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau, 492 F.3d at 1377.

However, the Board affords other statements submitted by the Veteran, specifically his July 2020 affidavit, no probative value. The Veteran said that he had pneumonia in 1964 while in bootcamp and was treated with antibiotics, although he had no record of that. The Board notes that at approximately the same time the Veteran described being treated for pneumonia, his STRs document close contact with someone with tuberculosis. PPD tests and chest-rays were negative. There is no further documentation or discussion of any other lung condition prior to or during this period where the Veteran's lung health was being closely monitored. The Board concludes that if the Veteran had pneumonia or another lung condition, it would be noted on the contemporaneous chest x-rays or otherwise documented in the STRs. The Board also finds it significant that the Veteran specifically checked "no" to having a chronic cough on his Report of Medical History at separation. The Veteran's statements of having pneumonia during service are inconsistent with the contemporaneous medical records and the Board finds them not credible. 

Evidence in support of the claim includes the April 2021 private opinion, but the Board affords that opinion little probative value because the basis is inconsistent with the record. The opinion provider highlighted parts of the record, including the Veteran's July 2020 affidavit regarding having pneumonia during service. The opinion provider notes that chronic cough is evidence of progressively worsening bronchiectasis and that in many cases, chronic cough appears after a history of pneumonia. The examiner appears to rely on the Veteran's report of having pneumonia during service as the onset of the chronic cough and therefore an early manifestation of the later diagnosis of chronic bronchiectasis. As discussed, the Board does not find the Veteran's report of having pneumonia in 1964 credible and therefore, the private pulmonology opinion is not probative because it relied on that history. 

In summary, the preponderance of the evidence is against the claim that the Veteran's diagnosed chronic bronchiectasis was incurred in or otherwise related to his service. The benefit of the doubt doctrine is not for application. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

Service connection is denied.

 

 

M.E. Larkin

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. G. Perkins, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.