Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210924-187742
DATE: October 29, 2021

ORDER

Entitlement to service connection for skin cancer of the left side of the face is granted.

Entitlement to service connection for skin lesions of the left side of the face, secondary to skin cancer, claimed as skin abrasions, is granted. 

FINDINGS OF FACT

1. The Veteran has a diagnosis of cancer of the left side of his face, which is related to his in-service sun exposure with associated sunburns.

2. The Veteran has lesions of the face which are directly caused by his service-connected skin cancer. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for skin cancer of the face are met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for lesions of the face as secondary to skin cancer are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the Marine Corps, on active duty from August 1960 to December 1964. He had additional reserve service in the Army Reserve from January 1972 to January 1976. 

This matter comes before the Board of Veterans' Appels (Board) on appeal from an August 2021 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO).

The issue of skin abrasions was before the Board in October 2019, when it denied service connection. The Veteran filed a Supplemental Claim in July 2021, which led to the August 2021 rating decision. 

In September 2021, the Veteran submitted a VA Form 10182 notice of disagreement, electing the Direct Review lane. Therefore, the Board may only consider the evidence of record at the time of the RO decision on appeal, in this case, the August 2021 rating decision. 38 C.F.R. § 20.301.

The Board recognizes that both issues on appeal were previously denied in rating decisions issued between March 2008 and January 2016. The Board notes that the August 2021 rating decision has already determined that new and relevant evidence has been submitted to reopen both claims on appeal; this is a favorable finding, and the Board is bound by it. 38 C.F.R. § 3.104(c). 

1. Entitlement to service connection for skin cancer, of the left side of his face

The Veteran seeks service connection for skin cancer, specifically basal cell carcinoma of the left upper eyelid. He asserts it was caused by sunburn during active-duty service. The Board finds that the claim should be granted. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304. Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Generally, establishing service connection requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999).

As an initial matter, the RO has made a favorable finding that the Veteran's medical treatment records confirm a diagnosis of basal cell carcinoma of the left upper eyelid. Therefore, the primary criterion of service connection is established. 

Next, the record contains several statements from the Veteran that he was exposed to the sun throughout his active-duty service. Specifically, that when he was stationed in Okinawa, and that the sun exposure resulted in sunburns of his upper body. 

In this regard, the Veteran is competent to discuss observable symptomatology from his active-duty service, including multiple sunburns. See Washington v. Nicholson, 19 Vet. App. 362 (2005); Barr v. Nicholson, 21 Vet. App. 303, 307-08 (2007); Layno v. Brown, 6 Vet. App. 465, 470 (1994); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Moreover, the Board finds no evidence in the record to contradict the Veteran's assertions of his in-service sun exposure.

In July 2021, the Veteran was afforded a VA examination for his skin cancer condition. The examiner confirmed diagnoses of skin cancer and actinic keratosis, and opined they were related to service. In support, the examiner noted that the Veteran served as a stockman on land and aboard ships with exposure to direct sunlight. According to the examiner, his skin cancer and actinic keratosis are related to this sunlight exposure. Moreover, the examiner reasoned, he has undergone long-term dermatology care for lesions and skin cancer since service. As a result, the examiner opined for direct service connection. 

In this case, the only medical opinion of record addressing a possible nexus between the disability and in-service sun exposure resulting in sunburn favors service connection. As such, the Board must conclude that the preponderance of the evidence is in the Veteran's favor and the claim should be granted. See 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 C.F.R. § 3.102.

2. Entitlement to service connection for skin lesions left side of face

The Veteran seeks service connection for lesions of the left side of his face, claimed as abrasions and skin cancer of the upper extremity. The Board finds that the claim should be granted. 

In addition to direct service connection, a disability may be found service connected on a secondary basis by demonstrating that the disability is either (1) proximately due to or the result of an already service-connected disease or injury or (2) aggravated by an already service-connected disease or injury. See Allen v. Brown, 7 Vet. App. 439, 448 (1995); 38 C.F.R. § 3.310.

As an initial matter, the RO made a favorable finding that the Veteran has a current disability with regards to his claim for skin abrasions. Specifically, the RO cited private and VA treatment noting skin cancer diagnoses with visible lesions. 

The Board has concluded that the Veteran's skin cancer should be granted service connection. As part of his July 2021 VA examination, the examiner noted lesions to the Veteran's face, chest and back. The VA examiner explicitly found that such lesions were related to his skin cancer. Moreover, his ongoing skin cancer care includes biopsies of lesions to the skin.

Based on the evidence of record explicitly linking his lesions to his skin cancer, the Board must also conclude that the Veteran's scars of the face and neck should also be granted service connection as directly caused by his service-connected skin cancer. See 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 C.F.R. § 3.102. 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303 

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. McDonald