﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190422-8012
DATE: February 27, 2020

REMANDED

Entitlement to service connection for degenerative arthritis of the cervical spine is remanded.

Entitlement to service connection for right hand index finger degenerative arthritis is remanded.

Entitlement to service connection for right hand long finger degenerative arthritis is remanded.

Entitlement to service connection for right hand ring finger degenerative arthritis is remanded.

Entitlement to service connection for right hand little finger degenerative arthritis is remanded.

Entitlement to service connection for right hand thumb degenerative arthritis is remanded.

Entitlement to service connection for left hand index finger degenerative arthritis is remanded.

Entitlement to service connection for left hand long finger degenerative arthritis is remanded.

Entitlement to service connection for left hand ring finger degenerative arthritis is remanded.

Entitlement to service connection for left hand little finger degenerative arthritis is remanded.

Entitlement to service connection for left hand thumb degenerative arthritis is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Air Force from October 1968 to January 1972 and from December 1975 to October 1990. 

This case is before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. The Veteran’s original claim was received December 15, 2017.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran submitted his RAMP election form on June 11, 2018 and selected the Higher-Level Review lane. On February 6, 2019, the RO issued a deferred rating decision, ordering additional VA examinations and opinions on the Veteran’s claims. On April 15, 2019, the RO issued a rating decision under the AMA, which considered the evidence of record as of that time. The Veteran timely appealed this rating decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). See April 2019 Form 10182.

In adjudicating this claim, the Board may consider evidence associated with the record before April 17, 2019, the date the Veteran was notified of the April 15, 2019 rating decision.

Entitlement to Service Connection for Degenerative Arthritis of the Cervical Spine and Fingers

The Veteran is service-connected for degenerative arthritis of the low back and bilateral knees. He contends that once service connection is granted for degenerative arthritis in any joint, all subsequent degenerative arthritis is to be service-connected as well, including his arthritis of the cervical spine and bilateral fingers. He has not asserted that these disabilities are directly related to his active duty service. In support of his contention, the Veteran has cited VA materials including a VA Pulse Q&A, and a Veterans Benefits Administration training Power Point slide show on 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5003. See September 2018 Veteran Correspondence.

However, VA regulations, including DC 5003, do not explicitly provide for the theory of entitlement asserted by the Veteran. Rather, service connection may be granted for a disability only where there is competent, credible evidence of a nexus, or link, between the disability and an in-service incurrence or aggravation of an injury or disease, or where there is competent, credible evidence that the disability was either a) caused or b) aggravated by a service-connected disability. See 38 C.F.R. § 3.303; 3.310; Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999); Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

The Veteran has been afforded several VA examinations in support of his claims for service connection throughout the claim period. When VA undertakes to provide an examination for a claim for service connection, even if not statutorily obliged to do so, it must provide an adequate one or, at minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303 (2007).

A January 2018 VA examination diagnosed degenerative disc disease of the cervical spine, but did not include a nexus opinion.

A March 2018 VA examination included several nexus opinions. The examiner opined that the Veteran’s arthritis of the neck and fingers was not related to neck pain noted in service, since there was no evidence of chronic neck pain and there “is no relatable way” either “by overcompensation or direct effect” that neck pain can cause arthritis of the fingers. The examiner also opined that the Veteran’s neck arthritis was not caused by his service-connected low back arthritis, “based on [the] difference in anatomical location, and a lack of [a] definite overcompensatory relationship.”

However, most of the examiner’s opinions confused the Veteran’s service-connected and non-service-connected conditions, opining that his neck arthritis did not cause or aggravate his bilateral knee arthritis, and that his arthritis of the fingers did not cause or aggravate either his low back or bilateral knee arthritis.

A March 2019 VA examination included several additional nexus opinions in response to questions asked by the RO in the February 2019 deferred rating decision:

- Is the Veteran’s service-connected degenerative arthritis of the lumbar spine and bilateral knees traumatic in nature?

- If so, is the Veteran’s diagnosed arthritis in the hands and cervical spine degenerative in nature?

- If so, is there an intercurrent cause for the arthritis of the cervical spine and hand? Please provide an opinion as to the etiology of these conditions.

The March 2019 examiner responded that she could not say without resorting to speculation whether the Veteran’s service-connected arthritis of the lumbar spine and bilateral knees was traumatic in nature, because both osteoarthritis and post-traumatic arthritis “can occur from trauma” and present overlapping symptoms. However, the Board notes that the opinion requested was not whether the Veteran’s service-connected arthritis resulted from trauma, but whether it was traumatic in nature; i.e. whether it was traumatic as opposed to degenerative arthritis.

The examiner further stated that the Veteran’s arthritis of the cervical spine and fingers was degenerative, per imaging studies and diagnoses in his medical record. Finally, she stated that she could not say without resorting to speculation whether there was an intercurrent cause for this arthritis, since the arthritis of the Veteran’s fingers was diagnosed as erosive arthritis and “medical literature gives no known etiology for erosive arthritis.” She provided no rationale as to why she could not provide an opinion regarding whether there was any intercurrent cause of the Veteran’s cervical spine arthritis (which has not been diagnosed as erosive).

In light of the foregoing deficiencies of the March 2018 and March 2019 VA examinations, the Board finds that both examinations are inadequate for VA purposes. Accordingly, a remand is necessary to provide the Veteran with a new VA examination to include opinions as to whether the arthritis of his neck and fingers is secondary to his service-connected degenerative arthritis of the low back and bilateral knees.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to include opinions on his claims for service connection for degenerative arthritis of the cervical spine and all fingers of the bilateral hands. Upon thorough review of the claims file and physical examination of the Veteran, the examiner should respond to the following:

(a.) Is it at least as likely as not (50 percent probability or more) that the Veteran’s cervical spine degenerative arthritis was either a) caused or b) aggravated by his service-connected degenerative arthritis of the lumbosacral spine and bilateral knees?

(b.) Is it at least as likely as not that the Veteran’s degenerative arthritis of all fingers of the bilateral hands was either a) caused or b) aggravated by his service-connected degenerative arthritis of the lumbosacral spine and bilateral knees?

Aggravation here means worsening beyond the ordinary progression of the degenerative arthritis of the cervical spine and all fingers of the bilateral hands.

(c.) If the arthritis of the service-connected lumbosacral spine and bilateral knees is degenerative, as opposed to traumatic in nature, is there an etiological relationship between that degenerative arthritis and the degenerative arthritis in the Veteran’s cervical spine and fingers?

In providing these opinions, please consider and explicitly discuss the Veteran’s contention that degenerative arthritis is considered a systemic process that may affect multiple joints, such that the degenerative arthritis of his neck and fingers represents an extension of the degenerative arthritis of his low back and knees.

The examiner must provide a fully articulated medical rational for each opinion, citing to peer-reviewed medical literature referenced in formulating it, if any. If the examiner finds that an opinion cannot be provided, this conclusion should also be clearly explained (e.g. lack of sufficient information/evidence in this case, or a lack of knowledge among the medical community at large, and not the insufficient knowledge of the individual examiner). 

 

S.C. KREMBS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Timmerman

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.