Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 191204-54947
DATE: June 30, 2021

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

The Veteran's PTSD has been shown to be related to service.

CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1966 to September 1968.

This appeal is before the Board of Veterans' Appeals (Board) from a November 2019 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA's decision on their claim to seek review dated on or after February 19, 2019. As this case is based on a VA rating decision dated in November 2019, this decision has been written consistent with the new AMA framework.

Under the AMA, when a claimant seeks appellate review through the Board's Hearing Review docket, the Board may consider the evidence of record at the time of the AOJ decision on appeal and the Veteran may submit additional evidence within 90 days after their hearing. Pub. Law 115-55 (Aug. 23, 2017), 131 Stat. 1114 (codified at 38 U.S.C. § 7113(a)). By so choosing, the Veteran opted for a Board hearing, and the Board may consider evidence of record at the time of the November 2019 rating decision and within 90 days after the Veteran's hearing. 

The Veteran had a hearing with the undersigned in March 2021. The hearing transcript has been associated with the record. 

PTSD

The Veteran asserts that he has PTSD due to in-service POW training. 

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Service connection for PTSD generally requires (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); (2) credible supporting evidence that the in-service stressor occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f); Cohen v. Brown, 10 Vet. App. 128 (1997).

The Veteran has asserted in his November 2018 statement that he experienced extreme stress during POW camp training, and he was required to do things like get into holes filled with snakes in his underwear. The Veteran has asserted this has caused his current PTSD. The Veteran was diagnosed with PTSD at his March 2019 VA examination. See March 2019 VA Examination Report. 

The medical evidence of record tends to link the Veteran's current diagnosis of PTSD to his in-service training. On March 2019 VA examination, the clinician diagnosed PTSD, and stated that the Veteran described current symptoms of PTSD that appear to be related to the reported in service stressor. The examiner opined that it was at least as likely as not that the Veteran's responses to stressors during service resulted in a fear response to the observation of torture techniques he participated in, and learning about combat experiences of returning wounded veterans. 

(Continued on the next page)

 

The Veteran's service treatment records contain no complaints, findings, or diagnosis of a mental health disorder and specifically include the July 1968 separation examination and medical history reports, which are silent for psychiatric complaints or findings. See July 1968 STR Medical. However, the Board finds that the Veteran's DA Form 20 reflects he had specialized training and participated in Survival Escape and Evasion training in November 1967. The Veteran's personnel records further indicate that the Veteran served in the 30th Infantry in Fort Rucker, Alabama. Resolving reasonable doubt in his favor, the Board finds that the corroboration of the stressor along with the diagnosis of PTSD based on the in-service stressor is sufficient to establish service connection. Thus, the Veteran's claim is granted.

 

 

S. HENEKS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Nadia Kamal, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.