Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190403-71827
DATE: August 31, 2021

ORDER

Entitlement to service connection for headaches as secondary to service-connected tinnitus is granted.

FINDING OF FACT

The Veteran's migraine headaches are permanently aggravated by his service-connected tinnitus. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for headaches as secondary to service-connected tinnitus have been met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.310(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1973 to August 1976. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2019 Rating Decision of the Department of Veterans Affairs (VA) Agency of Original Jurisdiction (AOJ). In an April 2019 VA Form 10182, the Veteran selected Hearing with a Veterans Law Judge (VLJ). The Veteran testified at a Board Hearing before the undersigned VLJ in April 2021. A transcript is of record. 

1. Entitlement to service connection for headaches as secondary to service-connected tinnitus is granted. 

Service connection may be established on a secondary basis for a disability proximately due to or aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310; see also Ward v. Wilkie, 17-1204 (holding that a "permanent worsening" of a non-service-connected disability is not required to establish secondary service connection on the basis of aggravation (i.e., aggravation may include temporary worsening of a disability); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). To establish secondary service connection, a veteran must show: (1) the existence of a present disability; (2) the existence of a service-connected disability; and (3) a causal relationship between the present disability and the service-connected disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition; (2) the layperson is reporting a contemporaneous medical diagnosis; or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, 492 F.3d at 1376-77.

The Veteran asserts that his tension headaches are secondary to his service-connected tinnitus. The AOJ has found that the Veteran has a current diagnosis of tension headaches, and that his claimed primary disability, tinnitus, is service-connected. See VA Rating Decision, dated February 27, 2019. Thus, the first and second elements of a claim for secondary service connection have been satisfied, as the Veteran has a present disability as well as a service-connected disability. Wallin, 11 Vet. App. at 512. The crux of the case concerns whether there is a nexus between the two.

The Veteran testified that he began suffering from headaches a few years after separating from service. See April 2021 Hearing Transcript. He explained that while his tinnitus is constant, whenever he has a flare up, he gets severe headaches. See id. In August 2018, he sought treatment at the VA, where the VA doctor noted that the Veteran reported that he had tinnitus in service and about 2 years after separation, he started developing headaches associated with the tinnitus. In December 2018, the Veteran received a VA examination, where the examiner concluded that the Veteran's headaches were not caused by his tinnitus. The examiner did not clearly opine on the issue of aggravation, instead stating that "the previous conclusion that the veteran's headaches are aggravated by his tinnitus is not unreasonable and is supported by the veteran's clinical reporting's." See December 2018 VA Examination. 

The Veteran submitted a letter from a board certified private neurologist who stated that he reviewed the Veteran's medical records. See November 2018 Private Neurologist Letter. The neurologist detailed the Veteran's self-reported history and noted that there are many studies performed by neurologists showing a correlation between tinnitus and migraine headaches. The private neurologist concluded that the Veteran's headaches were more than likely permanently aggravated by his tinnitus. The private neurologist submitted another letter in May 2021, citing a study that looked at 193 patients with tinnitus and found that 44.6% suffered from migraines, 13% suffered from tension-type headaches, and 5.7% suffered from both. See May 2021 Private Neurologist Letter. The private neurologist cited another study that found that the risk of cochlear disorders, especially for tinnitus, was significantly higher among patients with a history of migraines. The private neurologist again concluded that fluctuations in the Veteran's tinnitus lead to his migraine headaches. 

The Board finds the private neurologist's nexus opinion highly probative, as he discussed in detail multiple medical studies showing the correlation between tinnitus and headaches. The Board notes that a negative nexus exists in the form of the February 2019 VA examination. The February 2019 VA examiner found that the Veteran's migraine headaches were not caused or aggravated by his service-connected tinnitus, stating that the pathophysiological mechanisms of each disability appear to be distinct. The examiner went on to explain that there is no change in quality of tinnitus when a headache is present, and no change in the quality of headache when tinnitus is present. The Board notes that no alternate cause for the Veteran's migraine headaches appear in his medical record. Given the multiple studies cited by the private neurologist, the Board finds the private opinion more probative than the February 2019 VA medical opinion. Accordingly, entitlement to service connection for headaches as secondary to service-connected tinnitus is granted. 

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Mohammad

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.